Argued May 7, affirmed May 22, 1975

STONE, *Respondent, v.* BENEFICIAL STANDARD
LIFE INSURANCE COMPANY, *Appellant.*

535 P2d 764

*David C. Landis,* of Gearin, Cheney, Landis, Aebi & Kelley, Portland, argued the cause and filed briefs for appellant.

*Terry G. Hannon,* Gresham, argued the cause and filed a brief for respondent.

Before McALLISTER, Presiding Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

HOWELL, J.

Plaintiff filed this action as the beneficiary of a life insurance policy issued by the defendant to Ada Barr. The policy provided for the payment of $10,000 upon proof that the insured died in a vehicle-related accident. A jury returned a verdict for plaintiff, and defendant appeals.

The primary issue presented is whether the trial court erred in denying defendant's motion for a judgment of involuntary nonsuit and for a directed verdict.

The plaintiff contends that Mrs. Barr was killed when she accidentally drove her auto off a cliff on the northern California coast. The facts and all inferences from the facts are viewed in the light most favorable to plaintiff. For the plaintiff to recover she must show that it was more probable than not that Ada Barr was killed in a vehicle-related accident. *Carlson v. The May Dept. Stores,* 270 Or 289, 527 P2d 252 (1974). Plaintiff may sustain her burden of proof by circumstantial evidence, and it is not necessary for plaintiff to eliminate all other possible causes of death in order to recover. *Eitel v. Times, Inc.,* 221 Or 585, 352 P2d 485, 5 ALR3d 86 (1960).

The insured, Ada Barr, was visiting her friend, Eleanor Rudolph, in Cloverdale, near the northern California coast. On the evening of December 21, 1970, Mrs. Barr told Mrs. Rudolph that she planned to drive to the coast the next day "on her favorite little trip, which was up in the coast area where she had many memories with her husband." Mrs. Barr was not seen alive again. Her body was discovered on December 27, 1970, lying among the rocks on the ocean beach at the bottom of a steep cliff. The Mendocino County Sheriff's Department investigated, and an officer testified that all clothing was absent from the upper part of her body, which had numerous cuts and bruises. No parts of her body were missing but the body had severe chest injuries with broken ribs. A diamond ring customarily worn by Mrs. Barr was missing.

The deputy sheriff and Mrs. Rudolph testified that on or about January 4, 1971, they examined a point on the coast highway about six miles north of the place where Mrs. Barr's body was found. The point is only a few yards from the highway and overlooks a steep cliff which runs down to the ocean. They testified they saw tire marks, flattened grass, oil stains, marks on the edge of the cliff, and a chrome strip, possibly from an automobile, on the rocks below the cliff. It was the deputy's opinion that the marks indicated a vehicle had gone over the cliff at that point.

The deputy sheriff also testified that he observed the area several times while on patrol and the vehicle was never seen in the ocean at the bottom of the cliff. It was his experience that many vehicles going into the ocean are not found because of ocean currents and rocks. There was also evidence that no missing persons reports had been filed during the time involved and that Mrs. Barr's auto had never reappeared on the registration records.

An oceanographer testified for plaintiff. Using ocean currents, wind and weather data from the Point Arena Lighthouse, it was his conclusion that a body found at the location of Mrs. Barr's body would have floated down the coast after entering the ocean at a point generally where the physical evidence indicated a car had gone over the cliff into the ocean.

■ Considering all of plaintiff's evidence and the inferences which may properly be drawn therefrom, it was a question for the jury whether it was more likely than not that Mrs. Barr's death was caused by her auto going off the cliff and into the ocean. *Eitel v. Times, Inc.,* supra. The trial court correctly overruled defendant's motions for a nonsuit and a directed verdict.

■ The defendant also contends that the evidence of Mrs. Rudolph and the deputy sheriff concerning the tire marks and the other physical evidence at the cliff was irrelevant because it was too remote and had no connection with Mrs. Barr's death. We disagree. The evidence supported plaintiff's theory that Mrs. Barr's death was caused by her car going over the cliff at that point, resulting in her body finally washing ashore down the coast at the point where it was found. The evidence, while circumstantial, was clearly admissible to support plaintiff's theory of the cause of the death. The weight to be given to the evidence was for the jury to determine.

Affirmed.